## THE ASPOTOGAN.[1]

### WILLIS v. THE ASPOTOGAN.

*(District Court, E. D. Pennsylvania. January 5, 1892.)*

SHIPPING—LIABILITY FOR PERSONAL INJURIES—SEAMEN UNLOADING CARGO.

Libelant, a seaman engaged in unloading wood from a vessel, was hurt by the fall of a tier of wood, caused by the mate's withdrawal of a cleat. The removal of the cleat was necessary in order to unload the vessel, and was effected in the ordinary and proper manner, and after repeated warnings, which were heeded by all the men at work except the libelant. *Held*, that no negligence could be imputed to the mate, as he was justified in believing that libelant would heed the warnings.

In Admiralty. Libel by George Willis, formerly a seaman on board the bark Aspotogan, against said bark, to recover damages for personal injuries sustained while unloading cargo. Libel dismissed.

*John F. Lewis* and *Charles Gibbons*, for libelant.

*Alfred Driver* and *J. Warren Coulston*, for respondent.

BUTLER, District Judge. The libelant, a seaman on board the bark Aspotogan, was injured while assisting to unload a cargo of lumber, which she carried to Rio de Janeiro, and sued for damages—charging his injury to careless and wrongful conduct of the mate, as follows:

"Libelant was working between decks, and was running the planks out of the bark through the port bow, onto lighters. A large tier of planks was piled up along the port side of the vessel as they had been loaded, and were held in position by cleats of wood which had been driven in between the planks and the beams of the vessel. The mate of the vessel was superintending the removal, and while libelant was busily engaged in counting his planks, the mate, without a word of warning, knocked away one of the cleats which so held up the said tier of planks, and in consequence of the loss of this support, the tier of planks fell down and buried the libelant under their weight, in consequence of which his left leg was broken and other serious injury sustained, * * * without any negligence on his part whatever."

The answer denies the imputed negligence and all liability for the injury. The mate was superintending and assisting; and several other were engaged in the work of removing the lumber, as the libelant was. He alone, however, was injured. The master was on board. The testimony of the libelant, upon which alone his case rests, is contradicted by that produced by the respondent. A careful examination has satisfied me that the charge of negligence is not sustained. What the mate did was proper and usual under the circumstances. It was necessary to remove the cleats and it was customary to do it as he did. The testimony seems to leave no room for doubt that he gave ample and repeated warning that he was about to do it, which the other workmen heard and obeyed. The mate was justified in believing the libelant would also heed it. Why he did not is explained by his statement immediately

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

after the occurrence; he thought himself safe where he was. The testimony justifies a conclusion that his injury resulted entirely from his own want of care. It is unnecessary therefore to consider the legal question raised—that the vessel was not responsible for the mate's negligence, if he was negligent. The libel must be dismissed.